IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

IN RE: BRYAN AND PAMELA FERRELL            CASE NO. 1:11-BK-70701

BRYAN AND PAMELA FERRELL                             APPELLANTS

VS.                         CASE NO. 1:12-CV-1018

KENNETH AND EVA RUTH FERRELL                     APPELLEES

## OPINION

Before the Court is an appeal from a November 9, 2011 Order of the United States Bankruptcy Court for the Western District of Arkansas.[1] (ECF No. 1-4). On February 22, 2011, Appellant-Debtors Bryan and Pamela Ferrell (the "Debtor") filed for Chapter 12 Bankruptcy. Appellee-Creditors Kenneth and Eva Ruth Ferrell (the "Creditor") filed a motion for relief from the automatic stay in the bankruptcy proceeding to pursue certain state court remedies against the Debtor related to two parcels of land that were included in the Debtor's bankruptcy estate. The bankruptcy court granted that motion, finding that the bankruptcy estate did not have a legal or equitable interest in the disputed property. On appeal, the Debtor contends that the bankruptcy court erred in finding that the Debtor had no equitable interest in the property and argues that the court's ruling constitutes an invalid forfeiture. (ECF No. 7). The parties have fully briefed the issues before the Court. (ECF No.'s 8 & 10). The matter is now ripe for consideration. Because the Court agrees with the bankruptcy court's conclusions, the Order is affirmed.

---

[1] The Honorable James G. Mixon, Chief Judge, United States Bankruptcy Judge for the Western District of Arkansas.

1

## I. BACKGROUND

This appeal centers on whether certain property located in Bradley County, Arkansas is part of the Debtor's bankruptcy estate on account of a contract for deed between the Debtor and the Creditor. In January 2004, the Debtor was facing foreclosure of certain property, including two tracts of land consisting of 32 acres and three residences. To avoid foreclosure, the Debtor approached the Creditor for help. The Creditor agreed to pay off the Debtor's entire debt owed to the bank of approximately $172,000.00 in exchange for a warranty deed to the property.

Shortly thereafter, on January 2, 2004, the parties executed a contract for deed whereby the Creditor agreed to sell the property back to the Debtor for $247,467.53. The contract required the Debtor to pay the purchase price in the form of eight annual payments of $27,274.17 beginning on January 2, 2005. The final purchase price was determined by adding the interest over the eight-year period to the original $172,000.00 that the Creditor paid to the bank. The deal was structured so that the loan to the Debtor was not accruing interest during the eight-year term. According to the agreement, the Creditor was to retain title to the property until the full purchase price was paid. Meanwhile, the Debtor remained in possession and use of the property at all times. Also around this time, as part of a separate transaction, the Debtor delivered two promissory notes to the Creditor in exchange for approximately $11,200.00, which was also interest free. The Debtor defaulted on both agreements.

In January 2005, the Debtor made a payment of $27,274.17 as provided in the contract. In February 2006, however, the Debtor paid only $15,000.00. In September 2007, nine months after the third payment was due, the Debtor paid approximately $23,000.00 to the Creditor. In June 2008, six months after the fourth payment was due, the Debtor made a payment of only $10,000.00. Thus, by mid-2008 the Debtor had made a total of $75,274.17 in payments. In March

2009, after the Debtor was behind on payments by approximately $61,096.68, the Creditor notified the Debtor that it was in default.

The parties' contract for deed contained a termination provision that governed such a default. The contract provided that if the Creditor gave notice of default to the Debtor, and that default continued for 30 days, the Creditor could elect to declare the contract void, retake possession of the property, and consider any prior payments made by the Debtor as rent. (ECF No. 7-1) The Creditor provided notice of default and impending termination on March 20, 2009 by letter to the Debtor. After receiving the default letter, the Debtor did not make any more annual payments under the contract for deed but remained in possession of the property.

Sometime during 2010, the parties entered into a new contract. The parties verbally agreed that the Debtor would begin paying $1,500.00 per month in rent to remain in possession of the property.[2] The Debtor later defaulted on the verbal agreement and stopped making the monthly payments.

On February 22, 2011, the Debtor filed for Chapter 12 Bankruptcy. In the bankruptcy proceeding, the Debtor included the property in dispute as part of the bankruptcy estate. The Creditor then moved to have the automatic stay lifted to pursue adequate state court remedies against the Debtor with respect to the property. The bankruptcy court granted the Creditor's motion because (1) the contract for deed was terminated before the Debtor filed for bankruptcy, and therefore, the property was not part of the bankruptcy estate; and (2) termination of the contract for deed did not constitute an invalid forfeiture.[3]

---

[2] At a November 3, 2011 bankruptcy hearing, both parties admitted that $1,500.00 per month was a fair rental value for the property. (ECF No. 1-7 at 146). The parties disputed, however, whether the monthly payments were considered rent payments.

[3] The Court notes that the bankruptcy court found the Debtor's testimony at the hearing to be non-credible, and the Debtor failed to present records of any payments beyond the $75,274.17 paid between 2004 and 2008. (ECF No. 1-6 at 147 & 152).

On appeal, the Debtor brings three arguments. First, the Debtor argues that the Creditor waived its right to enforce the default under the contract for deed after accepting less than full payments throughout the term of contract. Second, the Debtor contends that the contract for deed was never terminated because the Debtor was in possession of the property at all times and continued to make monthly payments even after the notice of default. Finally, the Debtor argues that the bankruptcy court's ruling constitutes an invalid forfeiture, contrary to principles of equity. The Creditor, however, maintains that the right to enforce the default was never waived, and that the contract was revoked, by its terms, 30-days after the Debtor received the notice of default and failed to cure it. The Creditor argues further that, under the circumstances of this case, the forfeiture was not so harsh as to warrant an equitable defense by the Debtor.

## II.  STANDARD OF REVIEW

On appeal from the bankruptcy court, the district court sits as an appellate court. 28 U.S.C. § 158(a). When an order of the bankruptcy court is before the district court for appellate review, the district court reviews the bankruptcy court's conclusions of law *de novo* and its factual findings under the clearly erroneous standard. *First Nat'l Bank of Olathe v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997); *Sinclair Oil Corp. v. Jones (In re Jones)*, 31 F.3d 659, 661 (8th Cir. 1994); *Miller v. Farmers Home Admin. (In re Miller)*, 16 F.3d 240, 242 (8th Cir. 1994).

## III.  DISCUSSION

There are two issues before the Court on appeal: (1) whether the contract for deed was terminated before the bankruptcy case was filed; and if so (2) whether that termination constitutes an invalid forfeiture of the property.

As an initial matter, the Debtor argues that the Creditor waived its right to enforce the Debtor's default, thereby precluding termination of the Debtor's equitable interest in the property, because the Creditor willingly accepted less than full payments from the Debtor. The Debtor has

4

raised this waiver issue for the first time on appeal. "Issues raised for the first time on appeal are ordinarily not considered by an appellate court as a basis for reversal." *In re Hervey*, 252 B.R. 763, 767 (8th Cir. 2000). This rule has consistently been applied in bankruptcy matters on appeal, much like this one. *Id.* Therefore, the Court will refrain from addressing the Debtor's waiver argument for the first time here.

###### A. Whether the contract for deed was revoked prior to the bankruptcy filing.

The primary issue on appeal is whether the bankruptcy court erred by granting the Creditor relief from the automatic stay upon finding that the parties' contract for deed was revoked, according to its terms, before the Debtor commenced the bankruptcy case.

The commencement of a case under Title 11 of the Bankruptcy Code creates an estate. 11 U.S.C. § 541. This estate includes all of the property in which the debtor has a legal or equitable interest as of the commencement of the case. *Id.* A debtor's interest in a land sales contract is considered property of the estate "unless the debtor's rights have been permanently terminated prior to the commencement of the case." *In re Vee Jay, Inc.*, 104 B.R. 101, 104 (W.D. Ark. 1987). A similar circumstance exists here.

The Debtor was behind on payments under the contract for deed by over $60,000 by January 2009. On March 20, 2009, the Creditor sent a letter to the Debtor providing notice of default pursuant to the express terms of the contract. The default letter indicated that the contract for deed would be terminated and any prior payments would be treated as rent payments unless the Debtor cured the default with 30 days. The Debtor failed to do so. In fact, the Debtor made no attempt to cure the default or make any more annual payments under the contract after receiving the default letter. Thus, the contract for deed was terminated in 2009, pursuant to the termiantion provision in the agreement, nearly two years before the Debtor's 2011 bankruptcy filing. At that time, the Debtor no longer had any legal or equitable interest in the property.

The mere fact that the Debtor remained in possession of the property is of no consequence. The Debtor's own testimony at the November 2011 bankruptcy hearing demonstrates the parties' understanding that the contract for deed was no longer in effect. The Debtor admitted that the parties entered into a new verbal agreement in 2010 that allowed the Debtor to remain in possession of the property in exchange for $1,500.00 per month. (ECF No. 1-7 at 145). This new agreement—in addition to the Debtor's default which had not been cured—operated to extinguish any interest the Debtor had in the contract for deed. *See National American Ins. Co. v. Hogan*, 173 F.3d 1097, 1104-05 (8th Cir. 1999) (applying Arkansas law holding that "when the parties to a contract execute a valid and legally substituted agreement the original agreement merges into it and is extinguished"). The parties entered into this new agreement before the bankruptcy case commenced. Therefore, the Debtor's interest in the property at the time of the bankruptcy filing was, at most, merely possessory.

In an effort to rebut this conclusion, the Debtor argues that the verbal agreement is unenforceable under the statute of frauds because it is a contract for the lease of land and it violates the statute of frauds' "one-year provision." The Debtor seems to suggest that if the verbal agreement is unenforceable, then its equitable interest in the property remains intact. The Debtor's argument lacks merit for two reasons.

First, the Debtor's equitable interest in the property was severed in 2009 when the Creditor properly revoked the contract after the Debtor defaulted and failed to cure it. Second, Arkansas courts recognize lease agreements between a landlord and tenant that are not in writing, *Seidenstricker Farms v. Warren N. Doss and Etta A. Doss Family Trust*, 270 S.W. 3d 842, 845 (Ark. 2008), and a month-to-month lease is not subject to the one-year provision of the statute of frauds. *See* A.C.A. § 4-59-101. Thus, the verbal agreement between the parties is enforceable, and it operates as an alternative mechanism by which the contract for deed was terminated.

Accordingly, the bankruptcy court did not err in finding that the contract for deed was terminated before the Debtor commenced their bankruptcy case. The Debtor does not have a legal or equitable interest in the property, and therefore, it should not be included in the bankruptcy estate.

> **B. Whether the termination of the contract for deed constitutes an invalid forfeiture.**

The second issue on appeal is whether the termination of the contract for deed constitutes a forfeiture that equity will not enforce. The Debtor cites the age old maxim that "equity abhors forfeiture" to argue that the contract for deed's termination provision in the event of a default is invalid. While courts of equity may often elect not to enforce forfeitures, that principle is not absolute.

"Whether a court of equity will enforce a forfeiture for default by [a] purchaser depends on the circumstances of the case and the conduct of the forfeiting party." *In re Guido¸* 345 B.R. 656, 662 (Bankr. E.D. Ark. 2006) (quoting *In re Hayes*, 101 B.R. 569, 571 (Bankr. E.D. Ark. 1989)). "Forfeiture provisions in land contracts are to be enforced in cases where there is no substantial equitable circumstance that calls for refusal of forfeiture." *Harfield v. Mixon Realty Co.*, 601 S.W. 2d 894, 898 (Ark. Ct. App. 1980). Here, no substantial equitable circumstance exists.

The bankruptcy court summarized the state of affairs at the November 2011 hearing after both parties provided testimony. Judge Mixon found that, "[e]verything about the transaction smacks that [the Creditor] was trying to help the debtor out in every possible way…I mean, he's bending over backwards to help…." (ECF No. 1-7 at 154). After reviewing the record in this case, the Court agrees.

The Creditor first agreed to help the Debtor avoid foreclosure by paying off the $172,000.00 debt owed to the bank. The Creditor then offered to sell the property back to the

7

Debtor under a contract for deed that was not accruing interest. Despite these favorable terms, the Debtor defaulted on the contract. Indeed, the Debtor's default was by no trivial amount. The record reflects that the Debtor paid only $75,274.17 on a contract for over $245,000.00. Thereafter, to allow the Debtor to remain in possession of the property, the Creditor offered a new rental arrangement whereby the Debtor could pay $1,500.00 per month. Both parties agreed that this was the fair rental value of the property. Yet, the Debtor defaulted again.

Considering these circumstances and the conduct of the Debtor, principles of equity counsel against invalidating any forfeiture that occurred under the contract for deed. Accordingly, the provision allowing for termination upon the default of the Debtor after sending proper notice is enforceable and was properly exercised. The contract for deed was therefore terminated before the commencement of the bankruptcy case, and principles of equity will not save the Debtor's interest in the property.

## IV. CONCLUSION

For the reasons discussed above, the Court finds the bankruptcy court's Order should be and hereby is **AFFIRMED.** A separate judgment of even date consistent with this Opinion shall be entered.

**IT IS SO ORDERED**, this 29th day of October, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge